CONLON, District Judge,
dissenting:
The district court correctly considered the totality of the circumstances in concluding the record met the reasonable suspicion standard for the Border Patrol’s stop of Valdes-Vega’s truck. Accordingly, I would affirm the district court’s denial of the motion to suppress 7.991 kilograms of cocaine found in the truck after the stop.
Experienced Border Patrol agents observed Valdes-Vega’s F-150 pickup truck, with a Baja California license plate, traveling northbound at over 90 m.p.h. on Interstate 15 near the Temecula border checkpoint station. The area is recognized as a smuggling corridor. See United States v. Rodriguez-Sanchez, 23 F.3d 1488, 1490 (9th Cir.1994), overruled in part on other grounds by United States v. Montero-Camargo, 208 F.3d 1122, 1131-32 (9th Cir.2000) (en banc). The posted speed limit is 70 m.p.h.; the F-150 was moving faster than the flow of traffic. The agents observed the large pickup was driven erratically, weaving in and out of traffic lanes without signaling and causing other drivers to apply their brakes. After the first Border Patrol agent who attempted to follow the pickup lost sight of the speeding truck, he radioed for another agent to enter the interstate further north.
The second Border Patrol car was able to catch up with the pickup. In all, the agents observed Valdes-Vega’s erratic driving for several miles; his abrupt lane changes without signaling were repeated at least ten times. In the agents’ experience, an F-150 pickup is capable of carrying and concealing large amounts of drugs or human contraband. The pickup slowed to 70 m.p.h. passing the closed Temecula checkpoint.
The second Border Patrol agent turned on his emergency lights a mile and a half past the checkpoint and pulled alongside the pickup. Initially, the sole occupant, Valdes-Vega, continued to look straight ahead, but after a brief hesitation, pulled over to the side of the road at the agent’s direction. Giving due weight to all these circumstances and the factual inferences drawn by the agents and the district court, the agents had reasonable suspicion to believe Valdes-Vega was involved in illegal activity. United States v. Arvizu, 534 U.S. 266, 273-74, 122 S.Ct. 744, 151 L.Ed.2d 740 (2002) (‘When discussing how reviewing courts should make reasonable-suspicion determinations, we have said repeatedly that they must look at the ‘totality of the circumstances’ of each case to see whether the detaining officer has a ‘particularized and objective basis’ for suspecting legal wrongdoing”). Valdes-Vega’s driving constituted more than mere traffic violations. He was not just speeding, but driving *1150 recklessly near the last checkpoint from the Mexican border in a vehicle not particularly designed for speed. It is a reasonable inference that the driver of the truck was driving in such a manner to reach the checkpoint quickly and slowed down at the checkpoint itself in an attempt to avoid drawing attention to himself. It is a further reasonable inference that the driver wanted to cross the checkpoint quickly to evade detection by law enforcement and avoid discovery of criminal activity.
The majority repeatedly recognizes that the totality of the circumstances must be considered in determining whether the agents had reasonable suspicion to stop the truck for further investigation. However, the majority does not actually apply this standard. Rather, their analysis splinters the totality of the circumstances into innocuous factors. This is the “divide and conquer” methodology expressly rejected in Arvizu. 534 U.S. at 274, 122 S.Ct. 744 (“The [appellate] court’s evaluation and rejection of seven of the listed factors in isolation from each other does not take into account the ‘totality of the circumstances,’ as our cases have understood that phrase”); see also United States v. Sokolow, 490 U.S. 1, 7-8, 109 S.Ct. 1581, 104 L.Ed.2d 1 (1989) (totality of the circumstances must be considered); United States v. Cortez, 449 U.S. 411, 417-18, 101 S.Ct. 690, 66 L.Ed.2d 621 (1981) (same); United States v. Palos-Marquez, 591 F.3d 1272, 1277-78 (9th Cir.2010) (rejecting defendant’s “attempt to discredit individually each of the facts used by agents to determine if there was reasonable suspicion to initiate the stop”); United States v. Berber-Tinoco, 510 F.3d 1083, 1087-89 (9th Cir.2007) (same).
The majority finds that
• driving a vehicle on a major interstate, 70 miles from border is entitled to little weight and this factor is not highly relevant;
• driving on Interstate 15, which may be used by smugglers, is entitled to little weight;
• Valdes-Vega’s erratic driving pattern was not highly probative of smuggling drugs or aliens;
• his slowing down as he passed the checkpoint was not relevant;
• his failure to make eye contact with an agent who pulled alongside him was irrelevant and hardly suspicious;
• the truck’s Mexican license plate is given little weight because the truck was 70 miles from the border;
• the use of a F-150 pickup truck is afforded little weight because smugglers use numerous types of vehicles; and
• the uncharacteristic cleanliness of a truck with a Baja California plate is entitled to no weight because the experienced agent’s skepticism regarding the vehicle’s cleanliness is “unsubstantiated and dubious” and, in another case, the government argued a dirty vehicle supported reasonable suspicion.
The majority isolates and considers the sufficiency of each of the factors in the record individually, and attributes little or virtually no weight to any factor. This is error under Arvizu. I therefore respectfully dissent.